

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

SLT  *271 Cadman Plaza East*
*Brooklyn, New York  11201*


February 15, 2012

**By ECF and Hand Delivery**

The Honorable Sandra L. Townes
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York  11201

    Re: <u>United States v. David Cruz, 08 CR 916(SLT)</u>

Dear Judge Townes:

    The defendant in the above referenced case, David Cruz, is scheduled to be sentenced on March 2, 2012.  The defendant pleaded guilty to a lesser-included offense within Count Four of the superseding indictment charging him with conspiring to distribute 50 kilograms or more of marijuana, in violation of 18 U.S.C. §§ 846, 841(a)(1, and 841 (b)(1)(C).  The Presentence Investigation Report ("PSR") calculates a total adjusted offense level of 29 and a criminal history category of VI, with a corresponding range of imprisonment of 151 to 188 months.  (PSR at ¶¶ 119, 149).  The government agrees with the Guidelines calculations set forth in the PSR.

    By letter dated January 27, 2012 ("Def. Letter"), Cruz disputes the Probation Department's classification of him as a career offender under U.S.S.G. § 4B1.1.  Defendant's reliance on cases from the Third Circuit is misplaced, and ignores binding Second Circuit precedent that clearly establishes Defendant's qualification as a career offender.  Accordingly, for the reasons stated below, the Court should reject defendant's objection and sentence him within the advisory Guidelines range set forth in the PSR.

I.    <u>Factual Background</u>

    As set forth in the PSR, the defendant was an errand person - specifically, a driver - for a large international drug trafficking organization and is personally accountable for

conspiring to distribute at least 50 kilograms of marijuana. (PSR at 9-10).

Defendant has numerous prior convictions spanning almost thirty years. In 1985, he was convicted of possession of a weapon (knife) and sentenced to 60 days' imprisonment. (PSR at 88). That same year, he was sentenced to 182 days' custody for a commercial burglary. (PSR at 89-90). Over the next few years, in separate incidents, Defendant was caught breaking into cars, loitering in abandoned buildings (allegedly surrounded by vials of crack cocaine), and in possession of marijuana, despite previously having been required to enter a drug treatment program. (PSR at 91-96). In 1991, he was convicted of theft for stealing and cashing checks from a home he was working at as a contractor, and the following year he was convicted of possession of drug paraphernalia. (PSR at 97-100). Between 1994 and 1995, Defendant was convicted of auto stripping, shoplifting, and criminal possession of a controlled substance. (PSR at 101-106).

Defendant's more recent criminal history contains primarily third degree burglary convictions. In 1996, he was sentenced to 4 years' custody for burglarizing five different businesses. (PSR at 107-08). In 1997, Defendant pled guilty to five counts of third degree burglary for unlawfully entering three businesses as well as a 1992 Chevrolet, and was sentenced to five years' imprisonment. (PSR at 109-10). Defendant was again sentenced to five years' custody in 2000 for burglarizing two different businesses located at the same address. (PSR at 111-12). In 2003, defendant was sentenced to 6 months' custody (later amended to 5 years' custody after violating probation) for breaking into a printing store and stealing a cashbox containing $5,871. (PSR at 113-14). Finally, Defendant pled guilty to six counts of third degree burglary in September 2005 for breaking into and stealing property from Katham Industries as well as other unspecified New Jersey locations. (PSR at 115-16). He was sentenced to five years' imprisonment for each charge, to be served concurrently, but was paroled in 2008. (PSR at 115). Each burglary offense took place in Bergen County, New Jersey.

II.  **Defendant's Multiple Convictions for Burglary and Attempted Burglary Warrant an Enhancement Under the Career Offender Provision of the Guidelines**

   A.  <u>The Career Offender Provision</u>

   Under Section 4B1.1(b) of the U.S. Sentencing Guidelines, career offenders receive offense level enhancements based on their criminal histories.  U.S.S.G. § 4B1.1(b).  A defendant is considered a career offender if:

> (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1(a).  A "crime of violence" is defined in section 4B1.2(a) of the Sentencing Guidelines as any federal or state offense, with a maximum sentence over one year, that "is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another."  U.S.S.G. § 4B1.2(a)(2).

   The instant offense of conviction is a controlled substance offense.  U.S.S.G. § 4B1.2(b).  Thus, applicability of the career offender provision turns solely on whether at least two of Cruz's prior convictions qualify as "crimes of violence" because they involved "burglary of a dwelling," or otherwise "present[ed] a serious potential risk of physical injury to another."  U.S.S.G. § 4B1.2(a)(2).

   B.  <u>Defendant's Criminal History Includes Several Burglaries of Dwellings</u>

   Defendant asserts in his sentencing letter that his criminal history includes only commercial, non-dwelling burglaries, and thus he does not qualify as a career offender.  (Def. Letter at 3).  The evidence Cruz submitted in support of his sentencing letter, however, suggests otherwise.

   The defendant submits past indictments and dispositions as proof of his criminal history of only commercial burglaries.  Chief among these is Indictment No. 05-05-00932-I, presented in

New Jersey Superior Court on May 23, 2005. (Def. Letter Ex. D). Many of the counts of the indictment specify charges for burglary of commercial sites; however, Counts Seven and Eight of the indictment specify charges for illegally entering two separate apartments with the intention of committing offenses therein, in violation of the New Jersey burglary statute. Id. Count 1 of the indictment also indicates a residential burglary charge. Id. The defendant pleaded guilty to those three charges, as well as three other charges relating to commercial burglaries, and was sentenced to five years' imprisonment. Id.

The PSR does not contain any additional facts as to whether these charged burglaries were in fact burglaries of "dwellings" constituting crimes of violence under U.S.S.G. § 4B1.2. Instead, it notes only that the defendant admitted to breaking into a commercial property and selling items stolen therefrom; he is also noted as having "admitted to several other burglaries in Fort Lee, New Jersey." (PSR at 116). The charging document, however, strongly supports a finding that Cruz pled guilty to at least two burglaries of private residences.

If these charges, to which the defendant pleaded guilty, did in fact involve burglaries of apartments (as indicated in the defendant's own supporting documents), then the defendant would qualify as a career offender for having multiple convictions for "burglary of a dwelling," a clearly defined crime of violence under the Sentencing Guidelines. U.S.S.G. § 4B1.2.

C.  Even if the Defendant Has Not Been Convicted of Burglary of a Dwelling, Burglary of Commercial Property is Considered a Crime of Violence for Purposes of the Career Offender Enhancement under Established Second Circuit Law

Even if the apartment burglaries discussed above cannot be considered burglaries of "dwellings," the defendant would still qualify as a career offender based on his lengthy and uncontested criminal history of commercial burglaries. Specifically, as the PSR reasons, Defendant qualifies as a career offender because "[b]urglary, by its nature, presents a serious potential risk of physical injury to another." (PSR at 83 n.1).

Defendant argues that the New Jersey statutes to which he pled guilty are too broad to be classified as crimes of violence under the residual "catch all" definition because the statutes encompass both burglaries of dwellings (which are clearly crimes of violence), and commercial burglaries, which can never qualify as crimes of violence for purposes of the career offender Guidelines. (Def. Letter at 2-5). In support of this

4

contention, however, Cruz succeeds only in proving that commercial burglaries are not considered crimes of violence in the Third Circuit. Unfortunately for Cruz, this Court does not sit in the Third Circuit and is not bound by Third Circuit precedent.

In contrast to the Third Circuit, the Second Circuit has held that the definition of "crime of violence" does encompass burglaries of buildings as well as private dwellings. In United States v. Brown, the Court found that burglary of a "building" was sufficient to constitute a crime of violence for the career offender enhancement, because any burglary "inherently involves a risk of personal injury." Brown, 514 F.3d 256, 268 (2d Cir. 2008) (citing United States v. Andrello, 9 F.3d 247, 249 (2d Cir. 1993)) ("Having reasoned in Andrello that attempted third-degree burglary of 'a building' falls within the residual clause of 18 U.S.C. § 924(e)(2)(B)(ii). . . we can only conclude that third-degree burglary inherently poses that same risk within the meaning of the identically worded residual clause of Guidelines § 4B1.2(a)(2)."). The Second Circuit has repeatedly upheld this ruling, indeed even expanding it to include attempted third degree burglary as well. See, e.g., United States v. Boyd, 398 Fed. App'x 649, 651-52 (2d Cir. 2010) ("We ruled that the term 'crimes of violence,' defined in Sentencing Guidelines Section 4B1.2(a)(2), includes the New York crimes of third degree burglary and attempted third degree burglary."); United States v. Ortiz, 621 F.3d 82, 85 (2d Cir. 2010) ("We have ruled that third-degree burglary under New York law is a "crime of violence" for purposes of a firearms offense enhancement under U.S.S.G. § 4B1.2(a)(2) . . . and have also ruled that the enhancement applies to attempted third-degree burglary."); United States v. Hurrell, 555 F.3d 122, 124 (2d Cir. 2009) (finding the district court to have erred in determining that defendants' prior convictions for burglary and attempted burglary "were not convictions for 'crime[s] of violence' under the Guidelines."). While acknowledging that circuit courts have split on the issue, the Second Circuit has continued to side with the Eighth Circuit in favor of employing a per se approach to determining that all burglary – including non-dwelling burglary – constitutes a crime of violence. See United States v. Giggey, 551 F.3d 27, 29 n.1 (1st Cir. 2008) ("Of the circuits that have considered the issue, the Second and Eighth have also held that non-residential burglary is per se a 'crime of violence' under § 4B1.2."); see also United States v. Peltier, 276 F.3d 1003 (8th Cir. 2002) ("We have already held that burglary of a commercial building is a crime of violence within the meaning of § 4B1.2(a)").

The defendant points to Begay v. United States, 553 U.S. 137 (2008), and a Third Circuit case incorporating Begay, as

5

rationale for exercising a categorical approach to analyzing the New Jersey burglary statute and excluding it from the residual clause of § 4B1.2(a)(2). This approach is not applicable in the Second Circuit, however. In finding that all third degree burglary and attempted burglary constitutes a crime of violence, the Second Circuit in Brown looked to the residual clause of the "violent felony" definition under 18 U.S.C. § 924(e) and the matching "crime of violence" definition under U.S.S.G. § 4B1.2(a)(2), finding that burglary inherently poses risks to the safety of third persons, and thus even non-dwelling burglary constitutes a crime of violence. See Brown, 514 F.3d at 264-65. Thus, even though the burglary statute at issue in Brown could encompass non-violent offenses, the congressional intent behind § 924(e) made it clear that all burglary would be included under the residual clause, and the same should go for the clause under § 4B1.2(a)(2). Id. While Begay held that criminal statutes should be analyzed "generically" rather than based on the facts of the offense, and that only crimes that "typically involve purposeful, violent, and aggressive conduct" should be included, 553 U.S. at 144-45 (internal quotations omitted), the Second Circuit has refused to extend this interpretive approach to the crime of third degree burglary, in particular as it applies to the career offender enhancement. See Boyd, 398 Fed. App'x at 652 ("We view the Begay decision as inapplicable to the New York crime of attempted third degree burglary, and after Begay we have continued to follow the decision in Brown.").

The defendant also attempts to distinguish the Second Circuit's decision in Brown and later cases by asserting that the New Jersey burglary statute, as opposed to the New York burglary statute, has been deemed too general to allow for its automatic inclusion as a crime of violence. Def. Letter at 5 (citing United States v. McClenton, 53 F.3d 584 (3d Cir. 1995); United States v. Powell, 2009 WL 3335862 at *3 (D.N.J. Oct. 15, 2009). The defendant, however, overstates the impact of the Third Circuit's holding in McClenton. In that case, the court focused only on the dwelling versus non-dwelling distinction within the "crime of violence" definition under the Guidelines, finding that hotel rooms, even when unoccupied, constitute "dwellings" for the sake of the career offender enhancement. McClenton, 53 F.3d at 588. While the McClenton Court did acknowledge that the risk of confrontation and subsequent use of force is more limited in buildings not used for habitation, it stopped well short of making any finding that the general burglary statute could not be interpreted as falling under the residual clause in the "crime of violence" definition. Id. Nor did the Court assert that non-dwelling burglary could never be considered a crime of violence, instead cabining its decision to the hotel room issue and mentioning the burglary of commercial buildings only in

6

passing dicta.  Id.  While the district court in Powell read McClenton to assert an overall belief that the "catchall phrase [is] inapplicable to non-dwelling burglaries," 2009 WL 3335862 at *3, that case is not binding on this court, and simply misreads the ultimate holding of McClenton.

Indeed, the New Jersey burglary statute is similar enough to the New York burglary statute already considered by the Second Circuit, to merit the same, per se interpretive approach. N.Y. Penal Law § 140.20 reads: "A person is guilty of burglary in the third degree when he knowingly enters or remains unlawfully in a building with intent to commit a crime therein."  The statute under which the defendant was most frequently charged, N.J.S.A. 2C:18-2, similarly provides: "A person is guilty of burglary if, with purpose to commit an offense therein or thereon he . . . [s]urreptitiously remains in a research facility, structure, or a separately secured or occupied portion thereof knowing that he is not licensed or privileged to do so." N.J.S.A. 2C:18-2(2).  Both statutes criminalize unlawfully entering and remaining within buildings with the intent to commit a crime, without specifying a requirement of the use of force – thus, both statutes encompass both violent and non-violent offenses.  The Second Circuit's per se approach to generic burglary as a crime of violence should thus apply to the New Jersey burglary statute as well.  Accordingly, the defendant's conviction on at least fifteen separate counts of burglary would constitute convictions for "crimes of violence" even if they involved exclusively commercial burglaries.

For the foregoing reasons, the defendant qualifies as a career offender under U.S.S.G. §4B1.1, and the offense level enhancement is appropriate.

7

III.     <u>Conclusion</u>

       For the reasons discussed above, the government respectfully submits that a sentence within the applicable Guidelines range, including the career offender enhancement, is appropriate.

                                        Respectfully submitted,

                                        LORETTA E. LYNCH
                                        United States Attorney

                           By:  _____
                                        Steven L. Tiscione
                                        Assistant U.S. Attorney
                                        (718) 254-6317

cc: John Burke, Esq. (by ECF and Email)