JOHN M. BURKE
   Attorney at Law                               26 Court Street - Suite 2805
                                                           Brooklyn, New York  11242
                                                           Tel:  (718) 875-3707
                                                           Fax: (718) 875-0053

February 24, 2012

By ECF and Mail

Honorable Sandra L. Townes
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

                        Re.:   U.S. v. David Cruz
                               08 CR 916 (SLT)

Dear Judge Townes:

      I am writing this letter in reply to the Government's submission of February 15, 2012, to request that the Court sentence Cruz far below the Career Offender Guideline.

A.    CRUZ'S BURGLARIES DO NOT CONSTITUTE
       TWO CRIMES OF VIOLENCE

      In order for Cruz to be considered a career offender under U.S.S.G. §4B1.1 he must meet the following requirements:

> (1)   the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

Honorable Sandra L. Townes  February 24, 2012
United States District Court  Page 2

U.S.S.G. §4B1.1(a). The Government argues that since one of cruz's past indictments contained several burglary counts that may have reflected residential burglaries, Cruz should be classified as a career offender. See Indictment No. 05-05-00932-I (Def. Letter Ex. D).

Although Cruz pleaded guilty to the separate counts in the indictment the sentence for these crimes counts as a single sentence pursuant to U.S.S.G. §4A1.2.

> 4A1.2 Definitions and Instructions for Computing Criminal History
>
> (a) Prior Sentence
>
> (1) The term "prior sentence" means any sentence previously imposed upon adjudication of guilt, whether by guilty plea, trial, or plea of nolo contendere, for conduct not part of the instant offense.
>
> (2) If the defendant has multiple prior sentences, determine whether those sentences are counted separately or as a single sentence. Prior sentences always are counted separately if the sentences were imposed for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense). If there is no <u>intervening arrest, prior sentences are counted separately unless (A) the sentences resulted from offenses contained in the same charging instrument; or (B) the sentences were imposed on the same day</u>. Count any prior sentence covered by (A) or (B) as a single sentence. (Emphasis added)

U.S.S.G. §4A1.2(a). In the instant case there was no intervening arrest, the offenses were contained in the same charging instrument and the sentence for the different counts were imposed on the same day. See Cruz P.S.R. parg. 115, 116., Def.'s letter of January 27, 2012 (Ex. D). Therefore Cruz has not been convicted of <u>two</u> violent felonies and he should not be sentenced as a career offender.

B. <u>BURGLARY OF COMMERCIAL PREMISES IS NOT NECESSARILY A CRIME OF VIOLENCE FOR PURPOSES OF THE CAREER OFFENDER ENHANCEMENT</u>

The defense maintains its position that the New Jersey statutes to which Cruz

Honorable Sandra L. TownesFebruary 24, 2012
United States District CourtPage 3

pled guilty are too broad to be classified as crimes of violence. This Circuit has clearly held that New York burglaries in the third degree are crimes of violence. U.S. v. Brown, 514 F.3d 247 (2d Cir. 2008). However, the New Jersey burglary statute is qualitatively different and lacks the specific criminal intent contained in the New York law.

Under New York law a burglary in the third degree is defined in N.Y. Penal Law §140.20 as: "A person is guilty of burglary in the third degree when he knowingly enters or remains unlawfully in a building with intent to commit a crime therein." The New Jersey statute under which the defendant was charged, N.J.S.A. 2C:18-2, provides: "A person is guilty of burglary if, with purpose to commit an offense therein or thereon he ... [s]urreptitiously remains in a research facility, structure, or a separately secured or occupied portion thereof knowing that he is not licensed or privileged to do so." N.J.S.A. 2C:18-2(2).

The crimes described by the different statutes are easily distinguished. In New York a burglar must intend to commit a crime in the premises. In New Jersey to be guilty of burglary an individual need only intend to commit an offense. Cruz contends that the extremely broad term offense clearly encompasses acts that may not be crimes. In view of the directives in Begay v. United States, 553 U.S. 137 (2008) that criminal statutes should be analyzed generically rather than based on the facts of the offense Cruz's New Jersey burglaries are not violent offenses and he should not be considered a career offender.

C.EVEN IF THE COURT BELIEVES THAT CRUZ IS A
CAREER OFFENDER HE SHOULD BE SENTENCED
FAR BELOW THE CAREER OFFENDER GUIDELINE

The Department of Probation believes that Cruz is a career offender and that hsi guideline sentencing range is 151-188 months. P.S.R. parg. 149. The Government has agreed that if Cruz is a Career Offender his final offense level would be 24 and if an additional point was subtracted for global disposition this would yield a sentence of 92 to 115 months. (See Plea Agreement pg. 2-3). The defense would like to incorporate by reference those arguments contained in its submission of May 27, 2011 and begs for a sentence far below the 92-115 months.

Honorable Sandra L. Townes  February 24, 2012
United States District Court  Page 4

    David Cruz is a Navy veteran, became involved in his past crimes because he was a drug addict and played a <u>minimal</u> role in the charged conspiracy. <u>P.S.R. parg. 81</u>. The indictment contained numerous co-defendants who were much more active than Cruz in the conspiracy and received relatively lenient sentences.

    Under these circumstances Cruz begs the Court for mercy and asks that he be sentenced far below his suggested guideline levels.

                                 Respectfully yours,

                                 s/
JB/dw                            JOHN BURKE
                                 Attorney for David Cruz

cc: United States Attorney
    Eastern District of New York
    271 Cadman Plaza East
    Brooklyn, New York   11201
    Attention:  Steven Tiscione, Esq., AUSA